IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MIKE LAWRENCE d/b/a MICHAEL
F. LAWRENCE GROUP, INC.
SOUTHERN MILL ASSOCIATES,

    Plaintiff,

vs.                              CASE NO. CV-03-J-1233-S

SHAW INDUSTRIES,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is defendant's amended motion for summary judgment (doc. 27) and evidence in support of said motion (docs. 28-32), the plaintiff's opposition to said motion (doc. 37) and the defendant's reply brief with exhibits (docs. 40 and 41).

### I. Factual Background

The plaintiff filed a complaint in the Circuit Court for Jefferson County, Alabama alleging that, pursuant to an oral contract with defendant, he was a sales representative for defendant since 1993. Complaint, ¶¶ 2, 5. He asserts he contracted with the defendant to have the exclusive right to sell defendant's "Expressive Designs" floor covering products. Complaint, ¶¶ 5-9. He alleges the contract was entered in the State of Alabama and he sold the defendant's products in Alabama.

Complaint, ¶ 3. He further alleges the defendant breached that contract and that he suffered due to that breach. Complaint, ¶¶ 15-65.

The plaintiff states that, through April, 2001, the plaintiff and defendant entered "independent sales representative contracts" that were indefinite in duration and modified by "part oral, part written term contracts" until the end of 2001. Complaint, ¶ 43. In response to rampant rumors in 2001 that defendant's sales representatives were going to be replaced by salaried defendant employees, the plaintiff inquired of defendant and was told no changes would be made before the end of 2001. Complaint, ¶¶ 13-15. The plaintiff asserts these representations constituted oral contracts, which were breached by defendant by terminating plaintiff. Complaint, ¶ 16, 19. The plaintiff sues for breach of contract, promissory estoppel, equitable estoppel, quantum meruit, unjust enrichment, implied contract, fraud, negligent misrepresentation, wrongful termination, tortuous interference with established business relationships, personal injury, and violation of the Sales Commission Act of Alabama.

The plaintiff testified that up through 2001, defendant sold its Expressive Designs' flooring through independent contractors. Plaintiff depo. at 56-57. Although the Expressive Designs' line focused on wool products, the defendant also produced other similar wool products in other divisions. Couch depo. at 19-20. This

practice is known as crossover. *Id.* Defendant informed its sales representatives that it had crossover products. Plaintiff depo. at 40.

When plaintiff began selling defendant's products in 1993, the plaintiff and a former regional manager, Dave Paxton, agreed that the plaintiff would have the exclusive right to sell Expressive Designs products in the relevant geographic area. Plaintiff depo. at 17-18; Couch depo. at 41-42. The plaintiff admits he was not told that only Expressive Designs sales representatives would get to sell defendant's wool products. Plaintiff depo. at 32. Plaintiff was paid solely based on commission. Plaintiff depo. at 36, 56-57. The plaintiff also received a two percent "override" payment on all sales of Expressive Designs in the region in which he served as a regional manager. Plaintiff depo. at 18-20, 24.

In 1993, the plaintiff learned that defendant marketed wool products through other lines besides Expressive Designs. Plaintiff depo. at 24-26. Every time the plaintiff asked about this practice, he was informed that the Expressive Designs line could not sell the capacity of defendant's wool plant. Plaintiff depo. at 27-28, 41, 76. He was also informed that the crossover practice would not cease. Plaintiff depo. at 28, 34, 63, 66. The plaintiff was told by the Expressive Designs national sales manager that, if he did not like the crossover practice, he could quit. Plaintiff dpeo.

at 67. The plaintiff sold Expressive Designs products for eight years after he learned of the defendant's crossover practice. Plaintiff depo. at 34.

In deposition, the plaintiff admits that he never told anyone that he thought the defendant was in breach of any contract. Plaintiff depo at 34. The plaintiff further admits that no one from defendant ever explicitly promised the plaintiff his job was secure through the end of 2001. Plaintiff depo. at 114. However, he inferred that from voicemails he received. *Id.* Thereafter, the plaintiff received a letter from defendant, dated May 31, 2001, stating that defendant was terminating its relationship with all Expressive Designs sales representatives as of July 2, 2001. Plaintiff depo. exhibit 2; Merritt depo. at 192-193.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

4

> bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## III. Legal Analysis

The plaintiff agrees that defendant represented to him that he had an exclusive right to sell Expressive Designs products in his region. Plaintiff depo. at 24. The plaintiff does not allege anyone else ever sold Expressive Designs in his region. Rather, the plaintiff states that he was told, in 1993, Expressive Designs was the only division of defendant that sold wool and wool-blend products. Plaintiff depo. at 32. The plaintiff states that from learning of crossover in 1994 until the end of his relationship with Shaw in 2001, plaintiff and other exclusive sales representatives complained of the practice of crossover to representatives of Shaw. Plaintiff depo. at 40-41. Assuming that the above facts in some way could form the basis for this court to find a contract, as a matter of law any contract claim based on defendant's crossover practice is barred under the statute of limitations. The statute of limitations for breach of contract is six years, commencing upon the commission of the alleged breach. *Jones v. Alfa Mutual Ins. Co.*, 2003 WL 22064136, at 5 (Ala.2003); *Moore v. U.S. Pipe and Foundry Co.*, 384 So.2d 1108 (Ala.Civ.App.1980). Thus, even assuming a contract between the parties existed, because he learned of the practice no later than 1994, any breach of contract claim based on crossover had to be brought by 2000.

Similarly, the plaintiff's claims for quantum meruit and unjust enrichment must fail as well. The plaintiff brings these claims on the theory that he should be compensated for sales by defendant of non-Expressive Designs' wool and wool-blend products in his territory. Because the plaintiff knew such sales were occurring in 1993, the statute of limitations on any such claim began to run then. *See* § 6-2-38(*l*), Code of Alabama 1975, as amended ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years").

Additionally, because the plaintiff does not address his claims for termination as an independent sales representative prior to the end of 2001, those claims are deemed abandoned by the court. Also abandoned by the plaintiff are any claims for tortuous interference,[1] wrongful termination, and any claims pursuant to the Sales Commission Act of Alabama. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir.2003); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir.2001).

The plaintiff's claim of promissory estoppel is also due to be dismissed. To establish such a claim, the plaintiff must show (1) an express promise; (2) reasonably

---

[1] Even if this claim was not abandoned, the court notes the defendant could not, by law, interfere with the plaintiff's relationship with the defendant. Such a claim requires a third-party to interfere with a business relationship. *See e.g., Parsons v. Aaron*, 849 So.2d 932, 946 (Ala.2002).

foreseeable likelihood that the recipient of the promise will rely thereon (3) justifiable and material reliance; and (4) inevitable injustice resulting unless the promise was enforced. *Mazer v. Hackson Ins. Agency*, 340 So.2d 770, 772 (Ala.1976). To establish equitable estoppel, the plaintiff must show that the defendant, with knowledge of the true facts, communicated something in a misleading way, by words, conduct or silence, that the plaintiff relied upon that communication and would be materially harmed if the defendant is later permitted to assert a claim inconsistent with its earlier conduct. *Id*., at 773. The plaintiff claims he was promised the exclusive right to sell Expressive Designs in his region and he indeed had that right. However, he also claims defendant represented that Expressive Designs was the only division which sold wool and wool-blend products. The plaintiff admits he learned this was not the case in 1993. As such, he cannot now claim he was injured for relying on a statement he knew was untrue for a decade before he filed suit. Under the facts of this case, the court can find no injustice or material harm resulting to the plaintiff based on his belief that no other division of defendant should have been allowed to sell wool or wool-blend flooring products in his region.

Similarly, plaintiff's claims for promissory fraud and negligent misrepresentation must fail as well. These claims must be brought within the two year

statute of limitations found in § 6-2-38(*l*), Ala.Code.² Even if these claims were not time barred, they would fail on their merits. The plaintiff can show no misrepresentation as he knew that defendant sold crossover products in 1993. As such, he can show no injury arising and of which he first had knowledge within the two years before this suit was filed. *See Smith v. Evans*, 829 So.2d 774, 776 (Ala.Civ.App.2002).

## IV. Conclusion

Having considered the arguments of the parties, the facts of this case and the relevant law, the court finds that the defendant is entitled to judgment in its favor on all counts of the plaintiff's complaint. The court shall grant the defendant's motion for summary judgment by separate order.

**DONE** and **ORDERED** this the ___20___ day of July, 2004.

                                                                                 _____
                                                                                 INGE P. JOHNSON
                                                                                 UNITED STATES DISTRICT JUDGE

---

²The statute of limitations begins to run when the cause of action accrues. A cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of the damage is apparent at the time of the first legal injury (citations omitted). *Gilmore v. M & B Realty Co., LLC.*, 2004 WL 1475424 *6 (Ala.2004).